NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30480
28-FEB-2013
08:52 AM**

NO. 30480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ARTHUR BIRANO, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0040; CR. NO. 01-1-1154)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Arthur Birano (**Birano**) appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on April 21, 2010, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On September 9, 2009, Birano filed a second Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Second Petition**).  The Second Petition stated five grounds for relief:

> A. <u>Ground One</u>: The trial court violated my right to be present at every stage of trial under the Hawaiʻi Rules of Penal Procedure, the Hawaiʻi Constitution and the United States Constitution.
>
> <u>State supporting FACTS (do not cite cases or law)</u>:  At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination.  The trial court then conducted an improper ex parte in-chambers meeting with the

---

[1]   The Honorable Dexter D. Del Rosario presided.

prosecutor, Nicolas Nakano, and Nakano's attorney. Neither myself nor my attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful (see attached Amended Declaration of Nicolas Nakano).

Ground Two: The trial court violated my right to have counsel present at all critical stage[s] of the proceedings under the Hawai'i Constitution and the United States Constitution.

State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither myself nor my attorney were present. Following the improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful (see attached Amended Declaration of Nicolas Nakano).

Ground Three: The trial court violated my right to due process under the United States Constitution by precluding the disclosure of exculpatory and impeachment evidence of one of the prosecution's key witnesses.

State supporting FACTS (do not cite cases or law): (Refer to supporting FACTS in Ground four)

Ground Four: The trial court violated my right under the Confrontation Clause of the Hawai'i Constitution and the United States Constitution by precluding me from any cross-examination of the prosecution's key witness on the improper ex parte communication.

State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither myself nor my attorney were present. Following the improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful (see attached Amended Declaration of Nicolas Nakano). The court refused to let me cross-examine Nakano about the improper ex parte meeting.

Ground Five: Prosecutorial misconduct based on the prosecutor's improper ex parte communication with key witness Nicolas Nakano.

State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither myself nor my attorney were present. Following the improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful (see attached Amended Declaration of Nicolas Nakano). I never received any information about the content of this improper ex parte meeting. The prosecutor's improper meeting with Nakano and refusal to provide any information about this meeting constitutes misconduct.

Birano argued that he was raising these grounds for the first time because:

On June 12, 2008, Nakano contacted my attorney Cynthia Kagiwada. On June 20, 2008, Nakano sent my attorney a letter setting forth the problems with his testimony at my trial and stating that he would be willing to sign a declaration and testify at a hearing if necessary. On August 14, 2008, Nakano sent a declaration to my attorney. (See attached declaration of counsel). Subsequently, Nakano sent my attorney an amended declaration, signed and dated March 16, 2009 (See attached amended declaration of Nicolas Nakano).

I did not have all of the information from Nakano, at the time of my first post-conviction petition. Nor did I know the extent of the prosecutor's conduct as I never received any information about the improper ex parte meeting until I heard from Nakano in June 2008.

I tried to raise the Nakano declaration on my appeal of my first petition when I learned of it (See attached Motion), however, the court would not consider it as it was not presented to the circuit court.

The Second Petition was denied without a hearing. On appeal, Birano reasserts the above-referenced five grounds as points of error on appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Birano's points of error as follows:

The Second Petition repeats many of the same contentions made in Birano's Petition to Vacate, Set Aside, or

Correct Judgment or to Release Petitioner From Custody, filed on April 3, 2007 (**First Petition**). Birano previously claimed that his right to be present at every stage of the proceeding was violated, the right of his counsel to be present at every stage of the proceeding was violated, his right to confront witnesses was violated, and his right to due process was violated. To the extent that Birano relies upon the same facts as he did before; that there was an ex-parte communication between Nicolas Nakano (**Nakano**), Nakano's attorney, the prosecutor, and the trial judge without Birano or Birano's counsel present, and that Nakano invoked his Fifth Amendment right, those claims have been previously ruled upon and relief is not available. See Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40(a)(3). Nakano's statements in his Amended Declaration do not affect Birano's right to be present at all stages of the proceeding, Birano's right to have his counsel present at all stages of the proceeding, and/or his right to confront witnesses. Grounds One, Two and Four in the Second Petition are without merit.

Ground Five in the Second Petition is waived. See HRAP Rule 40(a)(3). Birano did not previously claim that the prosecutor committed misconduct by having an ex-parte communication with Nakano, Nakano's attorney, and the trial judge. However, Birano clearly knew that the prosecutor had participated in the ex-parte communication at the time of his direct appeal and failed to raise a claim of prosecutorial misconduct. Birano also failed to claim prosecutorial misconduct in his First Petition. Birano is unable to prove the existence of extraordinary circumstances to justify his failure to raise this claim in his direct appeal or the First Petition.

The circuit court erred by failing to conduct a hearing on Ground Three. The statements in Nakano's Amended Declaration appear to constitute newly discovered evidence in accordance with HRAP Rule 40(a)(1)(iv) because Birano claims that Nakano

contacted him in 2008 and provided him with the Amended Declaration after he filed the First Petition.

The additional evidence that Birano points to is that "Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful[.]" Birano stated a colorable claim for relief on the grounds that his due process rights were violated because Nakano's testimony was untruthful and the result of coercion by the prosecutor.

Therefore, the Circuit Court's April 21, 2010 Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody is affirmed in part and vacated in part. This case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, February 28, 2013.

On the briefs:

Cynthia A. Kagiwada
for Petitioner-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

5